IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOEURT PUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.1:04cv1058-TWO |
| | ) | |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER ON MOTION**

Upon consideration of plaintiffs' motion to compel (Doc. # 45) and plaintiff's amended motion to compel (Doc. # 46), filed September 22, 2005, and for good cause, it is

ORDERED that the motion be and hereby is DENIED pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on November 22, 1993.

The applicable provision of this court's General Order reads as follows:

> The court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith

conference before seeking court intervention.  A single letter to opposing counsel does not satisfy this requirement.  Discovery motions filed pursuant to these Rules <u>must be accompanied by a certification</u> that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

    DONE, this 26th day of September, 2005.

                                                              /s/ Susan Russ Walker  
                                                              SUSAN RUSS WALKER  
                                                              UNITED STATES MAGISTRATE JUDGE